UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONYA MARQUEZ, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>TRUIST BANK, et al.,<br><br>　　　　Defendants. | Case No.　1:22-cv-00441-JLT-EPG<br><br>ORDER FOR PLAINTIFFS AND DEFENDANT EQUIFAX TO SHOW CAUSE WHY SANCTIONS SHOULD NOT ISSUE AGAINST THEM<br><br>(ECF Nos. 17, 19) |

　　　　Plaintiffs Tonya Marquez and Steve Marquez filed this action on April 15, 2022, alleging violations of the Fair Credit Reporting Act. (ECF No. 1). Defendant Equifax Information Services, LLC, filed its answer on June 6, 2022. (ECF No. 14).

　　　　On July 11, 2022, Plaintiffs filed a notice of settlement as to Defendant Equifax only. (ECF No. 16). On July 15, 2022, this Court issued a minute order directing the parties to file an appropriate dismissal document within twenty-one days. (ECF No. 17) (citing Local Rule 160(b) – "Upon such notification of disposition or resolution of an action or motion, the Court shall fix a date upon which the documents disposing of the action or motion must be filed, which date shall not be more than twenty-one (21) days from the date of said notification, absent good cause."). After the deadline expired with nothing being filed, the Court issued a minute order on August 12, 2022, directing the parties to file a dismissal document by no later than August 19, 2022. (ECF No. 19). To date, the parties have not filed anything in response to these orders.

　　　　Local Rule 110 provides as follows: "Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all

1

sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 160(b) provides, in pertinent part, as follows: "A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions." "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, IT IS ORDERED as follows:

1. Plaintiffs and Defendant Equifax shall show cause why sanctions should not issue against them for failure to comply with the Court's orders and Local Rule 160(b). (ECF Nos. 17, 19).
2. Plaintiffs and Defendant Equifax have until no later than September 6, 2022, to file a written response to this order to show cause.
3. Alternatively, by no later than September 6, 2022, Plaintiffs and Defendant Equifax may file an appropriate dismissal document or a filing explaining why they are unable to do so.[1]
4. The failure to comply with this order may result in additional sanctions.

IT IS SO ORDERED.

Dated:  **August 23, 2022**         /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE

---

[1] Because Defendant Equifax filed an answer, the parties should file a stipulation of dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), which must be "signed by all parties who have appeared."

2